FILED

2013 Aug-09  PM 12:09
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

PNC BANK NATIONAL ASSOCIATION,  )
                                )
            Plaintiff,           )
vs.                             )            Case No.        5:13-cv-796-TMP
                                )
KENNEDY-KENNEDY LLC,            )
and DONALD W. KENNEDY,          )
                                )
            Defendants.          )

## REPORT AND RECOMMENDATION

This action is before the court on plaintiff PNC Bank National Association's (PNC) motion for default judgment filed July 29, 2013.  The motion was supported by affidavits of Matthew W. Grill and of Jim Garner, and by the promissory note and modified promissory note evidencing the loan at issue.  Having considered all of the evidence, the magistrate judge recommends that the motion for default judgment be denied for the reasons set forth herein.

## DISCUSSION

Plaintiff filed a complaint against Kennedy-Kennedy LLC, Douglas P. Kennedy, and Donald W. Kennedy on April 29, 2013, alleging that the defendants failed to repay a loan in accordance with the promissory note governing the loan.  (Doc. 1-1) .  Plaintiff later voluntarily dismissed its claims

against Douglas P. Kennedy.   The action remains pending against Donald Kennedy, who has filed

an answer.  The instant motion seeks a default judgment against Kennedy-Kennedy LLC.[1]

Plaintiff filed the complaint on April 29, 2013.  The summons and complaint were served

upon Kennedy- Kennedy by personally serving Douglas P. Kennedy on May 6, 2013.  The defendant

LLC did not file an answer or otherwise respond to the complaint.  The plaintiff filed a motion for

default judgment on July 29, 2013.  The clerk entered a default as to Kennedy-Kennedy LLC on

August 7, 2013, pursuant to Federal Rule of Civil Procedure 55(a), based upon the defendant entity's

failure to respond to the complaint or otherwise appear in this action.

Once a party has defaulted, all well-pleaded factual allegations of the complaint are deemed

admitted and proven.  The Eleventh Circuit Court of Appeals has stated the law of default as follows:

> The entry of a default against a defendant, unless set aside pursuant to Rule
> 55(c), severely limits the defendant's ability to defend the action.  While "a default
> is not treated as an absolute confession by the defendant of his liability and of the
> plaintiff's right to recover," a defaulted defendant is deemed to "admit[ ] the
> plaintiff's well-pleaded allegations of fact." *Nishimatsu Constr. Co. v. Houston Nat'l
> Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).  The defendant, however, "is not held to
> admit facts that are not well-pleaded or to admit conclusions of law." *Id.*  Thus,
> before entering a default *judgment* for damages, the district court must ensure that the
> well-pleaded allegations in the complaint, which are taken as true due to the default,
> actually state a substantive cause of action and that there is a substantive, sufficient
> basis in the pleadings for the particular relief sought.  At that point, the defendant,
> even though in default, is still entitled to contest the sufficiency of the complaint and
> its allegations to support the judgment being sought. *See Cotton v. Mass. Mut. Life
> Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005) (citing *Nishimatsu*, 515 F.2d at 1206).

---

[1]     The note indicates that Kennedy-Kennedy LLC is the Borrower, and is signed by
Douglas P. Kennedy as "member" of the LLC.  The complaint and exhibits indicate that both
Douglas and Donald Kennedy are guarantors of the loan, and that PNC is a successor bank to
RBC Bank, which is a successor to the lending bank, First American Bank.

*Tyco Fire & Security, LLC v. Alcocer*, 218 Fed. Appx. 860, 863 (11ᵗʰ Cir. 2007) (italics in original

and internal footnotes omitted); *see also Eagle Hospital Physicians, LLC v. SRG Consulting, Inc.*,

\_\_\_ F.3d \_\_\_, 2009 WL 613603 (11th Cir., March 12, 2009) ("A 'defendant, by his default, admits

the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is

barred from contesting on appeal the facts thus established.'")(quoting *Nishimatsu Construction Co.*

*v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)); *E Beats Music v. Andrews*, 433 F.

Supp. 2d 1322 (M.D. Ga. 2006).   Under this law, the court is still required to examine the factual

allegations of the complaint, deeming them to be admitted, and the evidence offered in support of

the complaint to determine whether there is a sufficient substantive basis for finding the defaulting

defendant liable as alleged by plaintiff.

The court finds that the evidence presented by the plaintiff is insufficient to demonstrate an

entitlement to a default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2)(B).   The

promissory note evidences that, on June 29, 2007, PNC (through the predecessor bank) made a loan

in the amount of $662,500.00, and an initial rate of interest of 8.25 percent.   The interest rate was

further defined as a variable rate, to change not "more often than each day," based upon the

"Lender's Prime Rate" or "the Index."   The note required payment of the loan in full, plus all unpaid

interest, on June 27, 2009.   The maturity date was modified and extended until September 27, 2009,

by letter dated September 22, 2009, (doc. 1-1, p. 4).   The maturity date was further extended until

March 15, 2010, by modification agreement.   (Doc. 1-1, pp. 7-11).   The interest rate was changed

in the modification agreement to provide that interest on the unpaid principal balance after October

1, 2009, be charged at "the lesser of (1) the Highest Lawful Rate, or (2) the greater of (a) a fixed rate

of six percent (6.00%) per annum or (b) an adjustable rate calculated daily as the sum of (i) Zero

percent (0.00%) per annum (the Adjustable Interest Rate Spread), plus (ii) The prime rate of RBC

Bank (USA) as announced from time to time by said Lender as its prime rate (the Index Rate") on

each "business day. ..."  (Doc. 1-1, p. 7).

    According to the original note, quarterly interest payments also were due each quarter

beginning on September 27, 2007. The original note further provides for a late charge of 5 percent

of the unpaid portion of the regularly scheduled payment.  Interest after default was to be increased

by 4 percent, or the maximum allowed by law.  Finally, the note requires the borrower to pay

attorneys' fees and legal expenses incurred in efforts to collect the amount due under the note.

    There are no allegations regarding payments made either in repayment of principal or of

interest, and no evidence presented as to when or in what amount payments were made.  The plaintiff

merely asserts that "as of July 26, 2013, the Indebtedness totals $577,547.65, which consists of

principal in the amount of $472.500.00, $90,641.25 in accrued interest, $14,406.40 in late fees and

other charges.  (Doc. 10, p. 2).  The plaintiff does not set forth the date of the default, any method

by which the interest or late fees or "other charges" were calculated, or the bank's prime or index

rate (or rates) used to reach the total interest alleged to be due.  Moreover, the plaintiff's own

evidence is contradictory: the modified note states that the maturity date is March 15, 2010 (doc. 1-1,

p. 7), but the affidavit of Garner states that the maturity date is two years later, on March 15, 2012.

(Doc. 10-2, ¶5).  The incomplete and conflicting evidence, as presented in support of the motion for

default judgment, does not provide a sufficient substantive basis for finding the defaulting defendant

liable in the amount alleged by plaintiff.  Accordingly, the undersigned recommends that the motion

be denied without prejudice.[2]

### RECOMMENDATION

Based upon the lack of information in the factual record presented, the court is unable to

determine the amount that is due under the note.  Consequently, the undersigned magistrate judge

hereby RECOMMENDS that the motion for default judgment (doc. 10) be DENIED.

### NOTICE OF RIGHT TO OBJECT

Any party who objects to this report and recommendation must, within fourteen (14) days

of the date on which it is entered, file specific written objections with the clerk of this court.  **Any**

**objections to the failure of the magistrate judge to address any contention raised in the petition**

**also must be included.**  Failure to do so will bar any later challenge or review of the factual findings

**or legal conclusions** of the magistrate judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474

U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985), *reh'g denied*, 474 U.S. 1111, 106 S.Ct. 899, 88

L.Ed.2d 933 (1986); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (*en banc*).  In order to

challenge the findings of the magistrate judge, a party must file with the clerk of the court written

objections   which   shall   specifically   identify   the   portions   of   the   proposed   findings   and

---

[2]        Should plaintiff be able to provide the court with sufficient substantive evidence
to provide a basis for calculating the damages amount, plaintiff may do so in lieu of filing
objections.  Such additional evidence may be submitted as a motion for reconsideration of this
report and recommendation.

recommendation to which objection is made and the specific basis for objection. A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge shall make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge. The district judge, however, need conduct a hearing only in his discretion or if required by law, and may consider the record developed before the magistrate judge, making his own determination on the basis of that record. The district judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Objections not meeting the specificity requirement set out above will not be considered by a district judge.

A party may not appeal a magistrate judge's recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a district judge.

DATED this 9th day of August, 2013.

T. MICHAEL PUTNAM
U.S. MAGISTRATE JUDGE